UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL SNYMAN,

                        Plaintiff,

       -against-

W.A. BAUM CO., INC.,

                        Defendant.

No. 04 Civ. 2709 (LTS)(DFE)

LAURA TAYLOR SWAIN, District Judge:

### MEMORANDUM OPINION AND ORDER

       In this action against Defendant W.A. Baum Co., Inc., a New York corporation that is a manufacturer of medical supplies, Plaintiffs Carl Snyman and Cindy De Villiers asserted three causes of action on behalf of Carl Snyman—for negligence, breach of implied warranty of merchantability, and products liability—and a cause of action on behalf of Cindy De Villiers for loss of spousal services.  In a Memorandum Opinion and Order dated September 30, 2008, the Court granted Defendant's motion for summary judgment as to all of Plaintiffs' claims other than the negligence, strict product liability and loss of spousal services claims relating to Plaintiff Snyman's alleged multiple chemical sensitivity ("MCS") condition (docket entry no. 28).

       In an Order to Show Cause dated November 3, 2008,[1] the Court ordered that Plaintiffs

---

[1]   A version of the Order to Show Cause was initially signed and issued contemporaneously with the Court's September 30, 2008 Memorandum Opinion and Order.  However, due to a technical error, that order was not properly docketed or entered in the Court's electronic case filing (ECF) system.  The Court properly entered and docketed the Order to Show Cause on November 3, 3008, and provided Plaintiffs with the same amount of time to show cause, and Defendant with the same amount of time to respond, as the Court originally intended to provide.

file a memorandum of law on or before December 5, 2008, demonstrating why their MCS-related claims ought not to be dismissed as incapable of proper proof (docket entry no. 29). De Villiers' attorney informed the Court that she no longer wished to pursue this matter, and a Memorandum and Order issued by Magistrate Judge Eaton, dated November 13, 2008, discontinued the complaint as to plaintiff De Villiers with prejudice (docket entry no. 34). The time allotted for the remaining Plaintiff, Snyman, to show cause has expired, and the Court has not received any further submissions in response to its Order. For the following reasons, the Court hereby dismisses Plaintiff's MCS-related claims.

"Scientific knowledge," in order to be accepted by the court, must be "derived by the scientific method" and "supported by appropriate validation." Fed. R. Evid. 702; Daubert v. Merrell Dow, 509 U.S. 579, 590 (1993). Appropriate validation is defined by a flexible standard. Daubert, 509 U.S. at 593-94. Daubert instructs courts to consider testing within the scientific community, peer review and publication, the potential rate of error, and general acceptance among the scientific community as non-dispositive factors in determining whether knowledge has been appropriately validated. Id.; see also Fed. R. Evid. 702.

Courts consistently have rejected MCS claims for failing to meet the Daubert standard. Specifically, one New York district court granting summary judgment in favor of a defendant noted its serious doubts "as to the scientific validity of the multiple chemical sensitivities syndrome." Carlin v. RFE Industries, No. 88 Civ. 842, 1995 WL 760739, at *4 (N.D.N.Y. 1995). Two years later, in Frank v. State of New York, the District Court remarked that "every federal court that has addressed the issue of the admissibility of expert testimony on MCS under Daubert has found such testimony too speculative to meet the requirement of 'scientific knowledge.'" 972 F. Supp. 130, 136 (N.D.N.Y. 1997) (citing Bradley v. Brown, 852 F. Supp. 690, 698-99 (N.D. Ind.),

aff'd 42 F.3d 434 (7th Cir. 1994) (finding "the science of MCS's etiology has not progressed from the plausible, that is, the hypothetical, to knowledge capable of assisting a fact-finder, jury or judge"); see also e.g., Kropp v. Maine School Administrative Union #44, 471 F. Supp. 2d 175, 182 (D. Me. 2007); Gabbard v. Linn-Benton Hous. Auth., 219 F. Supp. 2d 1130 (D. Or. 2002); and Sanderson v. Int'l Flavors and Fragrances Inc., 950 F. Supp. 981, 1002 (C.D. Cal. 1996). In light of the foregoing authorities, and Plaintiff's failure to submit evidence compelling a contrary conclusion, the Court concludes that Plaintiff has not demonstrated that he would be able to carry his burden of proving the existence of the MCS condition in a manner consistent with the requirements of Daubert and Federal Rule of Evidence 702. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's MCS-based claims. Plaintiff's negligence and strict product liability claims relating to his alleged MCS condition are dismissed.

The Clerk of the Court is respectfully requested to enter judgment in Defendant's favor in accordance with this Order and the September 30, 2008 Memorandum Opinion and Order granting summary judgment with respect to Plaintiffs' other claims (docket entry no. 28), and to close this case.

SO ORDERED.

Dated:     New York, New York
           December 22, 2008

                                         _____
                                         LAURA TAYLOR SWAIN
                                         United States District Judge