UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL SNYMAN,

                            No. 04 Civ. 2709 (LTS)(DFE)

                Plaintiff,

      -against-

W.A. BAUM CO., INC.,

                Defendant.

_____

LAURA TAYLOR SWAIN, District Judge:


**MEMORANDUM OPINION AND ORDER**

         In this action against Defendant W.A. Baum Co., Inc., a New York corporation that manufactures medical supplies, Plaintiffs Carl Snyman and Cindy De Villiers asserted three causes of action on behalf of Carl Snyman—for negligence, breach of implied warranty of merchantability, and products liability—and a cause of action on behalf of Cindy De Villiers for loss of spousal services.  In a Memorandum Opinion and Order dated September 30, 2008 ("Summary Judgment Order"), the Court granted Defendant's motion for summary judgment as to all of Plaintiffs' claims other than the negligence, strict product liability and loss of spousal services claims relating to Plaintiff Snyman's alleged multiple chemical sensitivity ("MCS") condition (docket entry no. 28).

         The Summary Judgment Order stated that "[t]he Court will . . . issue an order to show cause directing Plaintiffs to demonstrate why their newly-asserted MCS-related claims ought not to be dismissed in light of the arguments raised in Defendant's reply brief."  In an Order to Show Cause dated November 3, 2008 ("Order to Show Cause"),[1] the Court directed Plaintiffs to file a response on

---

      [1]      A version of the Order to Show Cause was initially signed and issued contemporaneously with the Summary Judgment Order.  However, due to a technical

or before December 5, 2008, demonstrating why their MCS-related claims ought not to be dismissed as incapable of proper proof (docket entry no. 29).  At approximately the same time De Villiers' attorney informed the Court that De Villiers no longer wished to pursue this matter, and a Memorandum and Order issued by Magistrate Judge Eaton, dated November 13, 2008, discontinued the complaint as to plaintiff De Villiers with prejudice (docket entry no. 34).  Magistrate Judge Eaton's Order also relieved from the case one of Plaintiff's three attorneys, Marc Bogatin, Esq., pursuant to Mr. Bogatin's request, and noted that another of Plaintiff's attorneys, Steven Waterman, Esq., had passed away.  Thus, upon issuance of the November 13, 2008 Order, Kenneth McCallion, Esq., who originally entered a notice of appearance in this case on December 6, 2006 (docket entry no. 26), became sole counsel for Plaintiff in the case.

The Court did not receive any submissions from Plaintiff within the period of time allotted for Plaintiff to respond to the Order to Show Cause.  Accordingly, on December 22, 2008, the Court issued an order dismissing Plaintiff's MCS-related claims and closing the case ("Dismissal Order") (docket entry no. 35).  On January 7, 2009, Plaintiff moved the Court under Federal Rule of Civil Procedure 60(b) to vacate the Dismissal Order (docket entry no. 38).  Plaintiff's submission included an affirmation from Plaintiff's counsel McCallion and a memorandum of law addressing the merits of the MCS issue raised in the Order to Show Cause.  Defendant submitted opposition papers on January 14, 2009 (docket entry no. 30).  The Court has thoroughly considered all of the parties' submissions.  For the following reasons, Plaintiff's motion is denied.

A party may be relieved from an order for "mistake, inadvertence, surprise, or

---

error, that order was not properly docketed or entered in the Court's electronic case filing (ECF) system.  The Court properly entered and docketed the Order to Show Cause on November 3, 3008, and provided Plaintiffs with the same amount of time to show cause, and Defendant with the same amount of time to respond, as the Court originally intended to provide.

excusable neglect." Fed. R. Civ. P. 60(b)(1) (2008).  However, "[a]n attorney's negligence . . . does not provide ground for relief under Rule 60(b)(1) . . . the attorney of record bears sole responsibility to prosecute his client's claim, keep track of deadlines and respond to motions filed on the docket." Hill v. World Class Automotive Corp., No. 06 Civ. 2496, 2008 WL 4809445, *3 (E.D.N.Y. Nov. 4, 2008) (internal quotation marks and citations omitted).  "Where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 169 Fed. Appx. 45, 46 (2d Cir. 2006).  Plaintiff's counsel McCallion proffers that he first learned of the Order to Show Cause when he received notification of the Dismissal Order.  He represents that the malfunction of his computer server at the time the Court issued the Order to Show Cause prevented him from receiving timely notice of said order, and he asserts that this constitutes "excusable neglect."  McCallion's affirmation, however, does not deny that his computer server was functioning adequately when the Court issued the Summary Judgment Order, which provided notice to all parties that the Order to Show Cause was forthcoming.  McCallion concedes that he communicated with Bogatin during the period in which Plaintiff was required to show cause, and his failure to inquire about the anticipated Order to Show Cause does not constitute excusable neglect, but rather a failure to act with diligence.[2]

       Furthermore, even if the Court were to accept Plaintiff's assertion that the failure of one of his attorneys, McCallion, to respond to the Order to Show Cause constitutes excusable neglect on his part (which it does not), Plaintiff has provided no explanation as to why Bogatin, who had not been relieved of his responsibilities in this matter at the time the Court issued the Order to Show Cause, was unable to inform Plaintiff of the Court's Order to Show Cause and enable him to respond

---

[2]    The Court's conclusion in this regard is limited to the purposes of resolving the instant motion.

to it in a timely manner.  Accordingly, Plaintiff's motion to be relieved from the Dismissal Order is denied.

The Court also concludes that, even if it were to consider Plaintiff's memorandum of law as properly before the Court, Plaintiff failed to meet his burden of demonstrating the scientific validity of a MCS or "chemical cross-sensitivity" claim.  The Order to Show Cause required Plaintiff to demonstrate why his MCS-related claims should not be dismissed as incapable of proper proof, in light of an uncontradicted series of judicial precedents holding that plaintiffs cannot present proof of the existence of MCS in a manner consistent with the requirements of Federal Rule of Evidence 702 and Daubert v. Merrell Dow, 509 U.S. 579 (1993).  Plaintiff's submission merely asserts that his injury is for "chemical cross-sensitivity" rather than "multiple chemical sensitivity," and that therefore the MCS precedents are inapposite.  However, Plaintiff does not provide any explanation as to any distinction between the conditions purportedly denoted by the two labels.  This suggests that Plaintiff's use of the term "chemical cross-sensitivity" reflects artful pleading rather than genuine scientific differentiation.

Nor does Plaintiff's memorandum of law identify any legal authority concerning scientific recognition of "chemical cross-sensitivity" or MCS as a condition separate from the effects of an underlying chemical exposure.[3]  Plaintiff's submission also lacks any proffer of scientific evidence to support an independent finding that a diagnosis of either MCS or "chemical cross-

---

[3]     Plaintiff's citation to Kannankeril v. Terminix International, Inc., 128 F.3d 802 (3d Cir. 1997) is inapposite, as the sole issue in that case was whether Plaintiff's exposure to pesticides caused her to suffer cognitive impairment.  Plaintiff's additional citations are similarly unavailing, as none of them reflect a court's conclusion that either cross-chemical sensitivity or MCS is an injury capable of proof under Daubert and Rule 702. See Hanley v. Dow Chemical Co., No. 09 Civ. 0483, 1999 U.S. Dist. LEXIS 22091 (S.D.N.Y. Mar. 3, 1999); United States v. An Article of Food Consisting of Cartons of Swordfish, 395 F. Supp. 1184 (S.D.N.Y. 1975); People v. Pymm, 76 N.Y.2d 511, 561 (1990).

sensitivity" reflects the requisite "scientific knowledge . . derived by the scientific method" and is

"supported by appropriate validation" so as to constitute admissible evidence. Daubert v. Merrell

Dow, 509 U.S. 579, 590 (1993).

In sum, Plaintiff's motion to vacate the Court's December 22, 2008 Order and re-open

the case is denied.  The Clerk of the Court closed this case on December 24, 2008, and the case shall

remain closed.  This Memorandum Opinion and Order resolves docket entry no. 38.

SO ORDERED.

Dated:          New York, New York
                February 6, 2009

LAURA TAYLOR SWAIN
United States District Judge